**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gustavo SANCHEZ–RIVERA,**
**Defendant–Appellant.**

No. 05–41272

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Gustavo Sanchez–Rivera pleaded guilty to one charge of attempted illegal reentry into the United States and was sentenced to serve 70 months in prison and a three-year term of supervised release. Sanchez–Rivera argues that the district court erred by concluding that his prior conviction for burglary of a habitation constituted a crime of violence and by assessing a 16–level adjustment for this conviction. This argument is, as Sanchez–Rivera concedes, foreclosed. *See United States v. Valdez–Maltos*, 443 F.3d 910, 911 (5th Cir.2006),

cert. denied, —— U.S. ——, 127 S.Ct. 265, 166 L.Ed.2d 205 (2006); *United States v. Garcia–Mendez*, 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006).

Sanchez–Rivera also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Sanchez–Rivera's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Sanchez–Rivera contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Sanchez–Rivera properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Sanchez–Rivera has shown no error in connection with his conviction or sentence. Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.